**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KRISTA L. SHOENIKE,**
                **Plaintiff,**

**-vs-**                                                                             **Case No. 6:07-cv-201-Orl-18DAB**

**PINNACLE HOTEL COMPANY I, INC.,**
                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, PINNACLE HOTEL COMPANY I, INC. (Doc. No. 9)**
>
> **FILED:**     **July 3, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendant for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Following service of process (Doc. No. 6) on April 20, 2007, Defendant failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 7) on June 20, 2007. A default was entered on June 21, 2007. (Doc. No. 8). Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. Nos. 9-2 through 9-5); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant from March 2006 to November 2006 as a catering manager. Doc. No. 9-2 ¶ 2. During her employment, Plaintiff's regular rate of pay was $30,000 per year. *Id.* ¶ 4. Plaintiff worked an average of 20 hours of overtime per week from March to November 2006, for which she did not receive (1) overtime wages from Defendant, for 660 total hours and $4,565.00 owed, and (2) unpaid wages in the amount of $902.45. *Id.* ¶ 5-7. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime and unpaid wages in the amount of $5,467.45 and liquidated damages of an equal amount, for a total of $10,934.90.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $2,592.00 for attorney's fees and $407.50 for costs. Plaintiff's counsel avers that he spent 4.7 hours of time prosecuting this matter, at an hourly rate of $300.00 per

hour; his associate spent 4.5 hours of time prosecuting this matter, at an hourly rate of $250.00 per hour; and his paralegal spent .60 hours at a rate of $95 per hour. Doc. Nos. 9-3; 9-4. Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed. *Id.; see* Doc. No. 9-4. The Court finds $250.00 per hour for attorney work and $95.00 per hour for paralegal work to be a reasonable rate in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendant Pinnacle Hotel Company I, Inc., in the amount of **$10,934.90** in damages, **$2,357.00** in attorney's fees, and **$407.50** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy